# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RUTH A. HOOVER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:16-CV-427-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [ECF No. 31], filed on May 28, 2019. The Motion requests an award of attorney fees in the amount of $8,520.00 pursuant to the Social Security Act, 42 U.S.C. § 406, for representation of the Plaintiff in federal court. The Commissioner has no objection to the amount requested. *See* Def.'s Resp., ECF No. 32. For the reasons set forth below, the Court grants the motion and awards $8,520.00 in fees pursuant to 42 U.S.C. § 406(b).

## BACKGROUND

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits. On November 16, 2017, the Court granted the Plaintiff's request, reversing and remanding for further proceedings. Under 42 U.S.C. § 2412, the Court awarded $2,600.00 in EAJA fees on February 15, 2018.

On remand, an Administrative Law Judge (ALJ) found that the Plaintiff has been disabled since November 2009 and issued a Notice of Decision–Fully Favorable. Pl.'s Att'y's

Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b), Ex. D, ECF No. 31-4. The ALJ also approved the fee agreement between the Plaintiff and her representative at the administrative level. *Id*. at 5.

On May 14, 2019, the Social Security Administration issued a Notice of Award, awarding the Plaintiff $117,248.00 in past-due Social Security benefits. Pl.'s Att'y's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b), Ex. E, p. 3, ECF No. 31-5. Twenty-five percent of the past-due benefits is $29,312.00, which the Social Security Administration withheld for the payment of fees. *Id*. at 3-4. The Social Security Administration paid the Plaintiff's representative at the administrative level $6,000 under § 406(a) and indicated that the remainder of $23,312.00 was being held for any award of fees by this Court under § 406(b). *Id*. at 4.

## LEGAL STANDARD

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under Sections 406(a) and 406(b). *Culbertson*, 139 S. Ct. at 523. However, an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

## ANALYSIS

In the instant motion, counsel for the Plaintiff requests an award of fees under § 406(b) for representation of the Plaintiff in federal court in the amount of $8,520.00, which is in addition to the EAJA award of $2,600.00, for a total fee award of $11,120.00. As noted above, the Social Security Administration awarded the Plaintiff's representative at the administrative level fees of $6,000.00. Thus, the total fees for representation at both levels is $17,120.00. Although the Supreme Court in *Culbertson* held that "the statute does not impose a 25% cap on aggregate fees" sought under § 406(a) and § 406(b), *Culbertson*, 139 S. Ct. at 523, the fee agreement entered into by counsel and the Plaintiff for representation in federal court provides otherwise:

> D. In a case in which the court awards <u>both</u> a fee from my past-due benefits under 42 U.S.C. § 406(b) <u>and</u> an EAJA fee, attorney will refund to me the smaller of the two amounts or will otherwise ensure that the EAJA fee award is deducted from any 42 U.S.C. § 406(b) fee award. *Any administrative fee that the Agency pays to my hearing lawyer under 42 U.S.C. § 406(a) will also be deducted from any § 406(b) award. Under no circumstances will the total fees awarded for work under § 406(b) in the U.S. District Court and/or in a higher U.S. Court exceed twenty-five percent (25%) of any past-due benefits awarded to me and my family by the Social Security Administration.*

Pl.'s Att'y's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b), Ex. A, § 2.D, ECF No. 31-1 (italicized emphasis added). Because the total fees of $17,120.00 do not exceed $29,312.00 (twenty-five percent of the Plaintiff's past-due benefits), the requested fees are consistent with the fee agreement.

Nevertheless, the Court must also review the fee request to ensure that it is reasonable. *Gibrecht*, 535 U.S. at 807. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Id*. at 808. Reasons to reduce an award may be delay by the attorney or if the past-due benefit are large in comparison to the

amount of time counsel spent on the case. *Id*. Plaintiff's counsel worked 13.9 hours in this litigation to obtain a reversal and remand for further proceedings. The effective hourly rate of EAJA and § 406(b) fees combined would be $800.00, which is well within the range of reasonableness given the Plaintiff's attorney's years of experience, the contingent nature of this representation, and the fees that have been approved in similar cases in this District. *See, e.g.*, *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-134, 2016 WL 2653360, at *4 (N.D. Ind. May 10, 2016) (effective rate of $810 per hour); *Bianco v. Colvin*, No. 3:14-CV-98, 2016 WL 1295926, at *3 (N.D. Ind. Apr. 4, 2016) (effective rate of $825 per hour). There is no indication of delay in this case. Accordingly, the Court finds reasonable the § 406(b) fee request in the amount of $8,520.00.

## CONCLUSION

Finding the requested fee reasonable for the hours of legal work rendered, the contingent nature of the representation, and the resulting lifetime benefit to the Plaintiff, the Court GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 31] and awards a reasonable fee of $8,520 to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b).

SO ORDERED on July 22, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT